

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 23, 1952

Hon. J. A. Phillips  
Chairman, Texas State Board  
 of Public Accountancy  
Austin, Texas

Opinion No. V-1470

Re: Duties of the Texas  
State Board of Public  
Accountancy upon re-  
ceiving evidence that  
an unlicensed individ-  
ual is holding himself  
out to the public as a  
public accountant.

Dear Sir:

Your request for an opinion of this office concerns the question of prosecuting a person who holds himself out as a "certified public accountant" and who is performing services generally performed by public accountants, but who does not hold a permit to practice public accountancy from the Texas State Board of Public Accountancy.

Then you ask:

"(1) Is it the duty of our Board to formally bring a complaint to your office involving the above violations and request that you initiate proceedings, or

"(2) Is it the duty of our Board to bring the violations to the attention of the District Attorney or the County Attorney where the violation was committed, or

"(3) Is it the duty of citizens living in the area where the violation occurred to bring the violations to the attention of the District Attorney or County Attorney?"

Section 2(a) of Article 41a, V.C.S. (Public Accountancy Act) provides:

"'Practice of Public Accountancy'. A person engages in the 'practice of public accountancy' within the meaning of this Act who,

holding himself out to the public as a public accountant, in consideration of compensation received or to be received by him, offers to perform or does perform, for other persons, services which involve the auditing or examination of financial transactions, books, accounts, or records, or the preparation of, or the reporting over his signature on, financial, accounting, and related statements."

Section 24 of the Act provides:

"After the effective date of this Act, any person who shall hold himself out to the public as a public accountant or shall engage in the practice of public accountancy as same is defined in Section 2 of this Act, without having obtained a certificate or permit, or any person who shall violate any of the provisions of this Act, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed Five Hundred Dollars ($500.00), or by imprisonment in Jail for not more than six months, or by both such fine and imprisonment."

Clearly the statute creates an offense against the State, subject to prosecution in the same manner as other misdemeanors. We know of no law which authorizes the Attorney General to represent the State in such criminal cases.

Section 21 of Article V of the Constitution of Texas provides in part:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. In case of vacancy the commissioners' Court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a dis-

trict attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature.
. . ."

Articles 25 and 26, V.C.C.P., provide:

"Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is notified of the same, and is at the time within the county where such proceeding is had, he shall represent the State therein, unless prevented by other official duties."

"The county attorneys shall attend the terms of all courts in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone, or when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court, . . ."

It is seen from the foregoing that it is the duty of the district or county attorney to represent the State in such criminal cases.

It is an established rule that public officers and governmental and administrative boards possess only such powers as are expressly conferred upon them by law or are necessarily implied from the powers so conferred. Anderson v. Houchins, 99 S.W.2d 1029 (Tex. Civ. App. 1936); Bryan v. Sundberg, 5 Tex. 418 (1849). Although Section 22 of Article 41a, V.C.S., authorizes the Board to institute proceedings against any person holding a certificate or permit under the act to suspend or revoke the certificate or permit for certain violations, the act does not require or authorize the Board as such to file complaints against persons who do not hold a certificate or permit. Therefore, since the law imposes no duty upon the Board as such to file complaints against

persons who practice accountancy without a permit or certificate, it would not be derelict in its duty for failure to file complaints in such cases.

Article 221, V.C.C.P., provides:

"The affidavit made before the magistrate or district or county attorney is called a complaint if it charges the commission of an offense."

Article 415, V.C.C.P., provides:

"No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths."

It is seen from the provisions of these articles that any credible person may file the complaint and a credible person is one who, being competent to testify, is worthy of belief. Halbadier v. State, 87 Tex. Crim. 129, 220 S.W. 85 (1920). Therefore, it is our opinion that any member of the Board in his individual capacity or any other citizen who is a credible person would be authorized to file the complaint.

## SUMMARY

Article 41a, V.C.S. (Public Accountancy Act) does not require the Texas State Board of Public Accountancy to file complaints against persons who are practicing as public accountants but who have not been issued a certificate or permit by the Board. However, any member of the Board, individually, or any other citizen who is a credible person may file a complaint charging the commission of this offense. The district or county attorney represents the State in such a case.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles E. Mathews
First Assistant

BA:am

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant