

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 7, 1970

Honorable David Wade
Commissioner
Texas Department of Mental Health
  and Mental Retardation
Box "S", Capitol Station
Austin, Texas 78711

Opinion No. M- 704

Re: What State agency is
    authorized to complete a
    Certificate of Need for Nursing
    Home, FHA Form 2576, to the
    Federal Housing Commissioner,
    and related questions?

Dear Mr. Wade:

You ask whether your Agency, or any other State Agency, has authority to certify to the Federal Housing Commissioner the existence of a need for a nursing home of a stated number of beds to be located at a designated place in this State, by the execution of FHA Form No. 2576.

We do not find any authority, express or implied, for any agency of this State to make such certification.

Nursing homes are licensed and operated under the provisions of Article 4442c, Vernon's Civil Statutes. Section 4 of this Article reads, in its relevant part, as follows:

> "An application for a license shall be made to the Licensing Agency upon forms provided by it and contain such information as the Licensing Agency requires which may include affirmative evidence of ability to comply with reasonable standards, rules and regulations as are lawfully prescribed hereunder ...
>
> "Upon receipt of an application for a license the Licensing Agency shall issue a license if upon inspection and investigation it finds that the applicant and facilities meet the requirements established under this law ... Any increase in the bed space above the maximum approved is subject to approval by the Licensing Agency and subject to additional fee ..."

The "Licensing Agency" is the State Department of Public Health.  Article 4442c, Section 2(d).

Section 7 of this Article authorizes the Department of Public Health to adopt and enforce minimum standards relating to the physical facilities, personnel, and diet of the residents of nursing homes.

We do not find in either of the above quoted statutory provisions, or any other Legislative enactment, any express or implied authority for the Department of Public Health, or any other State Agency, to certify to a need for a nursing home or to refuse such certification on the basis of a finding that such a need does not exist.  No State Agency, by virtue of its duties or responsibilities, is required or authorized to determine the need for nursing homes in this State.  In licensing such homes, the State Department of Public Health has no authority to grant or refuse to grant a license based on whether the need for such homes exists.

Neither State Agencies nor public officers may exercise powers not expressly conferred or necessarily implied from the powers so conferred.  They cannot legally perform acts not authorized by existing laws.  47 Tex.Jur. 2d 139-140, Public Officers, Section 196; Bryan v. Sundberg, 5 Tex. 418 (1849); Anderson v. Houchins, 99 S.W.2d 1029 (Tex.Civ.App. 1936, no writ); and Edwards v. Murphy, 256 S.W.2d 470 (Tex.Civ.App. 1953, err. dism.).

In view of the foregoing, we cannot properly hold that any State Agency has been designated to determine "needs" for a particular nursing home.  Consequently, it must follow that there is a lack of authority of any State Agency to execute FHA Form 2576, which is a "Certificate of Need for Nursing Home."

It will be necessary for the Legislature to grant such authority in the event it desires to provide for such a responsibility.

### S U M M A R Y

No Agency of this State is authorized to execute FHA Form 2576 by officially certifying that a need exists for a nursing home licensed and operated pursuant to Article 4442c.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by E. L. Hamilton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jack Goodman
Bob Darden
James McCoy
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant