

# THE ATTORNEY GENERAL
## OF TEXAS

December 4, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation
    Commission
118 E. Riverside Drive
Austin, Texas 78704-9983

Opinion No. JM-831

Re: Whether section 111.058 of the Human Resources Code authorizes the Texas Rehabilitation Commission to require applicants for employment to provide copies of their records on criminal history, traffic offenses, military service and other matters relevant to screening applicant (RQ-1272)

Dear Mr. Arrell:

You have requested an opinion from this office. Your request letter states:

> Recently an applicant for employment with the Commission truthfully reported, at the time she completed her written application for employment, that she had not been convicted of a felony offense. After her written application was filed, and before her employment with the Commission, she entered a plea of guilty to two felony offenses.

> It is the view of the Commission that this example demonstrates the need for a strengthened application for employment and hiring process. Section 111.058 of the Human Resources Code, V.T.C.A., authorizes the Commission to secure only criminal history information on applicants or clients receiving services provided by the Commission. No other law appears to specifically authorize the Commission to

secure such information on applicants for employment with the Commission.

Therefore, your opinion is requested on:

1. Whether Section 111.058 of the Human Resources Code, V.T.C.A., or any other law or regulation prohibits the Commission from requiring an applicant for employment with the Commission [to produce] for inspection by the Commission's personnel office a copy of available records on the applicant which might include a criminal history record, traffic record, military record, and other necessary records, as part of the application for employment screening process; and

2. Whether, after completion of the written application for employment in which no felony conviction is recorded, but the applicant has, in the interim, entered a plea of guilty to a felony, the Commission may terminate the new hire even though all answers on the written application were technically truthful when made. In other words, does an applicant have a continuing duty to update his/her application with correct information?

Section 111.058 of the Human Resources Code provides:

The commission may obtain criminal history record information from the Board of Pardons and Paroles, Texas Department of Corrections, and the Texas Department of Public Safety if the records relate to an applicant for rehabilitation services or to a client of the agency. The Board of Pardons and Paroles, Texas Department of Corrections, and the Texas Department of Public Safety upon request shall supply the commission criminal history record information applying to applicants for rehabilitation services or clients of the commission. The commission shall treat all criminal history record information as privileged and confidential and for commission use only.

In answer to your first question, statutes limiting the powers of governmental officers and agencies are to be narrowly construed. See, e.g., Anderson v. Houchins, 99 S.W.2d 1029 (Tex. Civ. App. - Galveston 1936, no writ); 47 Tex. Jur. 2d Public Officers §110. Accordingly, if section 111.058 dealt with applicants for employment with the commission, it might be construed as the kind of prohibition you mentioned, since it authorizes the commission to obtain only certain information. This section, however, applies not to applicants for employment, but to "applicant[s] for rehabilitation services or to [clients] of the agency." It therefore has no bearing on the issues raised in your request.

We have found no statute that expressly either authorizes or forbids the commission to require job applicants to submit the records listed in your first question or to impose upon applicants the "continuing duty" to which your second question refers. Laws that confer powers on public officers and agencies, however, implicitly permit that which is reasonably necessary to implement those powers. See, e.g., Ft. Worth Cavalry Club v. Sheppard, 83 S.W.2d 660 (Tex. 1935); Terrell v. Sparks, 135 S.W. 519 (Tex. 1911). Section 111.018(a) of the Human Resources Code states:

> In carrying out his or her duties under this chapter, the commissioner shall, with the approval of the board, make regulations governing personnel standards, the protection of records and confidential information, the manner and form of filing applications, eligibility, investigation, and determination for rehabilitation and other services, procedures for hearings, and other regulations subject to this section as necessary to carry out the purposes of this chapter.

Section 111.020 provides:

> (a) The commissioner shall, with the approval of the board, establish appropriate subordinate administrative units.
>
> (b) The commissioner shall, under personnel policies adopted by the board, appoint the personnel necessary for the efficient performance of the functions of the agency.

Section 111.023 provides:

> The commissioner shall take other action as necessary or appropriate to carry out the purposes of this chapter.

In terms of the public welfare, the commission works in a highly sensitive area. In view of this, we believe that the authority to "make regulations governing personnel standards," section 111.018(a), to "appoint the personnel necessary for the efficient performance of the functions of the agency," section 111.020, and to "take other action as necessary or appropriate to carry out the purposes of this chapter," section 111.023, necessarily implies the authority to promulgate policies reasonably calculated to insure the commission's ability to employ only well-qualified personnel who pose no safety risk. We further believe that this authority is sufficiently broad to enable the commission to impose the continuing duty mentioned in your second question and to require the submission of the records listed in the first question. Requiring applicants to submit this kind of background information and to update their applications to reflect felony guilty pleas is a measure reasonably designed to secure suitable commission personnel.

This measure, moreover, would violate no privacy right of a job applicant. Courts have recognized a constitutional right not to have to disclose personal information, see, Whalen v. Roe, 429 U.S. 589, 599 (1977), but this right is limited. In Plante v. Gonzales, 575 F.2d 1119, 1128-36 (5th Cir. 1978), cert. denied, 439 U.S. 1129 (1979), for example, the court held that a state has the power to compel the disclosure of otherwise private information when its interest in that information outweighs the individual's interest in nondisclosure. In this instance, we believe that the Rehabilitation Commission has a clear interest in requiring job applicants to submit the information mentioned in your questions, particularly in view of the sensitive nature of the commission's work, regardless of whether that information would otherwise be private. This situation is akin to that involved in Shoemaker v. Handel, 619 F. Supp. 1089 (D.N.J. 1985), aff'd, 795 F.2d 1136 (3rd Cir.), cert. denied, 107 S.Ct. 577 (1986), where the New Jersey Racing Commission required horse racing jockeys to submit certification forms indicating all prescription and non-prescription medications used. Noting that the commission maintained the confidentiality of this information with respect to the public, the court held that the commission

had a legitimate interest in obtaining this information in view of its interest in strictly regulating the racing industry "to preserve and promote its safety and integrity." 619 F.Supp. at 1106. Because this interest outweighed any privacy interest of the jockeys in not having to disclose the information to the commission, the commission's rule requiring such disclosure violated no privacy right.

In summary, we believe that the Rehabilitation Commission is authorized to require job applicants to submit the records listed in your first question and to impose on applicants the continuing duty to which your second question refers. Requiring the disclosure of this information to the commission would violate no privacy right of the applicants.

### S U M M A R Y

The Texas Rehabilitation Commission may require job applicants to submit available records, including criminal history, traffic, military, and similar records, as part of the application process, and it may impose on applicants a duty to update their applications to reflect guilty pleas entered after the application was submitted. Requiring the disclosure of this information to the commission would violate no privacy right of the applicants.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jon Bible
Assistant Attorney General